IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| M.K., et al., | : | Case No. 1:25-cv-281 |
| Petitioners, | : | Judge Matthew W. McFarland |
| v. | : | |
| RICHARD JONES, Sheriff of Butler County, et al., | : | |
| Respondents. | : | |

---

**ORDER DENYING PETITIONERS' MOTIONS
TO PROCEED UNDER PSEUDONYMS (Docs. 2, 7)**

---

This matter is before the Court on Petitioners' Motions to Proceed Under Pseudonyms (Docs. 2, 7). For the following reasons, these Motions (Docs. 2, 7) are **DENIED**.

## BACKGROUND

Petitioners are stateless Nepali-speaking Bhutanese refugees from the Lhotshampa ethnic minority. (Habeas Petition, Doc. 1, ¶ 2.) Each resettled in the United States over a decade ago. (*Id.*) Since arriving, Petitioners have been ordered removed to Bhutan (*Id.* at ¶¶ 27, 34, 39). Despite these orders, all three remained in the United States under supervision. (*Id.* at ¶ 146.) In April 2025, Immigration and Customs Enforcement arrested Petitioners and placed them in detention at Butler County Correctional Complex in Hamilton, Ohio, where they remain. (*Id.* at ¶¶ 3, 28, 35, 40.) Petitioners now seek a stay of the execution of their removal orders until they are given meaningful notice of the

intended country of removal and an opportunity to reopen their immigration cases on the basis of changed country conditions. (Motion for Temporary Restraining Order, Doc. 8, Pg. ID 227-28.) Petitioners further move to litigate their claims under their initials, claiming that they fear persecution and do not wish to see their private information made public. (Am. Motion, Doc. 7, ¶ 6.)

## LAW & ANALYSIS

Generally, a complaint must state the name of the parties. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). Therefore, litigating under initials is usually a disfavored practice. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). But, a court may permit a party to proceed by their initials where "privacy interests substantially outweigh the presumption of open judicial proceedings." *Id*. The decision to grant such an exemption lies within the court's discretion. *See id*. In making this determination, the Court is guided by the following factors: (1) whether the individuals "seeking anonymity are suing to challenge governmental activity"; (2) whether pursuit of the lawsuit "will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id*. (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

Viewed together, these factors weigh against anonymity. The third and fourth *Porter* factors are irrelevant here, as Petitioners make no claims that they intend to violate the law or that they are children. (*See* Am. Motion, Doc. 7.) Looking to the second factor, Petitioners claim that this litigation will require them to "disclose deeply sensitive

2

personal information." (*Id.* at Pg. ID 205.) Petitioners further argue that the "federal government protects the confidentiality of asylum-seekers by regulation" through 8 C.F.R. § 208.6. (*Id.* at Pg. ID 206.) Although § 208.6 provides that "information contained in or pertaining to any withholding of removal. . . shall not be disclosed without the written consent of the applicant," this regulation only "applies to the administrative procedure by which asylum applications are considered." *Doe v. Dep't of Homeland Sec.*, No. 1:19-CV-288, 2019 WL 5622537, at *2 (W.D. Mich. Aug. 12, 2019), *report and recommendation dismissed as moot*, 2019 WL 5622458 (W.D. Mich. Sept. 16, 2019). Thus, the Court must still apply the four *Porter* factors. *Id.* Turning to Petitioners' privacy concerns, courts do not routinely allow parties to proceed pseudonymously based on a need to reveal sensitive information. *Calhoun v. Garza*, No. 24-2340, 2024 U.S. App. LEXIS 18559, at *2 (6th Cir. July 26, 2024). Instead, a court may protect litigants by sealing portions of the record that disclose confidential or sensitive information. *Id.* Petitioners provide no indication as to how this procedure would be inadequate here. Accordingly, the second factor further weighs against Petitioners.

The only factor that weighs in Petitioners' favor is the first, as Petitioners claim that their government detention and removal violate federal law. (Habeas Petition, Doc. 1, Pg. ID 32-33.) Satisfying this factor alone, though, is an insufficient basis to allow Petitioners to proceed anonymously. *See, e.g., Doe v. Carson*, No. 19-1566/1714, 2020 WL 2611189, at *2-3 (6th Cir. May 6, 2020) (affirming denial of a motion to retain anonymity when the plaintiff only arguably challenged governmental activity); *D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (finding that the plaintiff forfeited his ability to use a pseudonym

"when he sued United States Customs and Border Patrol Agents").

## CONCLUSION

Under these circumstances, the Court does not find that Petitioners' privacy interests outweigh the presumption of open judicial proceedings. Accordingly, Petitioners' Motions for Leave to Proceed Under Pseudonyms (Docs. 2, 7) are **DENIED**. Petitioners **SHALL FILE** an amended habeas petition and motion for temporary restraining order that identifies themselves as required by Rule 10(a) by 5:00 P.M. EST on Tuesday, May 13, 2025.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _/s/ Matthew W. McFarland_
     JUDGE MATTHEW W. McFARLAND